### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 16 B 33275 |
| | ) | |
| VERNITA GENNINGS, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | Judge David D. Cleary |

### ORDER DENYING MOTION TO VACATE DISMISSAL

This matter comes before the court on the motion of Vernita Gennings ("Gennings" or "Debtor") to vacate dismissal of her Chapter 13 case (the "Motion to Vacate").

The Chapter 13 Trustee filed a motion to dismiss Gennings' case on October 20, 2020 (the "Motion to Dismiss"). As of that date, Gennings' plan default was $3,500 on monthly payments of $875. The court continued the Motion to Dismiss once, to December 7, 2020. Neither Gennings nor her attorney appeared on December 7 to oppose it. The Trustee represented in court that she had heard nothing from the Debtor or her attorney since the continuance. With no appearance by Debtor's counsel and no written objection on the docket, the court granted the Motion to Dismiss.

Nearly six weeks later, Gennings filed the Motion to Vacate. According to the Motion to Vacate, her car was totaled. With the surplus from the insurance proceeds, she made a $7,000 payment to the Trustee. This amount would cure the default on her plan. She alleged that she expects to be approved for, and start receiving, Supplemental Security Income ("SSI"), although she did not know when or in what amount. The Trustee filed a notice of objection to the Motion to Vacate, and opposed it when it was called.

Since the Motion to Vacate was filed more than 14 days after the court entered the dismissal order, it is governed by Fed. R. Civ. P. 60, made applicable by Fed. R. Bankr. P. 9024. Gennings seeks relief under Rule 60(b)(6):

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . .
>
> **(6)** any other reason that justifies relief.

The standard for granting relief under Rule 60 is very difficult to satisfy. "It is an extraordinary remedy granted only in exceptional circumstances. And relief under Rule 60(b)(6) in particular—the catchall provision—is even more extraordinary." *Matter of Rees*, 817 F. App'x 258, 260–61 (7th Cir. 2020) (nonprecedential order) (quotation and citation omitted).

The debtors in *Rees* fell behind on their plan payments and the bankruptcy court dismissed the case. Two months later they sought relief under Rule 60(b)(6), making three arguments: the default was caused by unforeseen financial hardship; they had the money to cure the default and pay off their plan; and they had paid a significant amount of money into the plan. The bankruptcy court denied the Reeses' motion to vacate dismissal. The Circuit panel summarized the lower court's reasoning:

> [The bankruptcy court] explained that the Reeses' circumstances were "not extraordinary," as it "see[s] motions like this all the time. People default on their plans. Then they race in with money and say please vacate the dismissal because we've got the money." The court further reasoned that the denial of discharge was not itself an extraordinary hardship because the Reeses received the "benefit[s]" of paying "down their debts during the pendency of the case" and "the automatic stay while they made those payments." Finally, the court stated that if it granted the Reeses' motion, it would "have to contradict what [it] always [does] in the face of objections from the trustee, and that is, grant all the other ones. Then we have a disincentive for people to make their plan payments."

*Id*. at 260. The *Rees* panel affirmed the bankruptcy court's decision.

This court agrees with the bankruptcy court's analysis in *Rees*. It is far from extraordinary for a debtor to default, and then return to court with funds for the Trustee. Even more problematic is the fact that Gennings does not know the amount of her SSI or when she will receive it. She has not – because she cannot – filed an amended Schedule I. Finally, the Trustee asserted at the hearing on February 1, 2021, that the plan would be running 72 months, if reinstated, far beyond the 60 months in the confirmed plan.

For all of these reasons, Gennings has not satisfied the extraordinary standard required for relief under Rule 60(b)(6). The Motion to Vacate is **DENIED**. The continued hearing on February 22, 2021, at 2:00 p.m. will be moved to 2:01 p.m. and will not go forward.

ENTERED:

Date:  February 5, 2021

DAVID D. CLEARY
United States Bankruptcy Judge